IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LUIS N. VAZQUEZ,** | |
| Petitioner, | Case No. 10 C 7226 |
| v. | Hon. Harry D. Leinenweber |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Luis N. Vazquez's Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons stated herein, the Petition is denied without an evidentiary hearing.

### I. BACKGROUND

On September 29, 2009, a grand jury returned a 21-count superseding indictment charging Petitioner Luis Vazquez, (the "Petitioner") and six other individuals on various counts based on their involvement in a drug conspiracy that involved shipping large quantities of cocaine from Mexico to Chicago. The grand jury indicted Petitioner of 11 counts, including *inter alia*, conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846, distributing 45 kilograms of cocaine in violation of 21 U.S.C. § 841, possession marijuana with intent to

distribute in violation of 21 U.S.C. § 841, and engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

Prior to trial, Petitioner elected to represent himself after the District Court addressed the issue at length at a hearing. During that hearing, the Court informed Petitioner of the charges against him and the mandatory and minimum sentences and warned Petitioner of the dangers of proceeding *pro se*. Notwithstanding the District Court's discouragement, Petitioner indicated he wished to represent himself. As a result, the District Court determined Petitioner had made a knowing and voluntary decision.

On October 31, 2005, Petitioner, with the assistance of standby counsel, proceeded to trial *pro se*, pleading not guilty. The evidence presented at trial showed, among other things, that Petitioner directed the distribution of thousands of kilograms of cocaine from Mexico to Chicago. On November 9, 2005, the jury found Petitioner guilty on all counts. On March 26, 2006, the District Court sentenced Petitioner to a term of 300 months imprisonment.

On February 23, 2009, Petitioner appealed (represented by appointed counsel). He argued that: (1) the Government's use of a witness's description of court-authorized wiretaps violated his due process rights; (2) a witness's voice identification was unreliable and unduly suggestive; and (3) Petitioner's waiver of court appointed counsel was invalid. *See United States v. Vazquez*,

No. 06-2109, 2009 WL 1874274 at *1 (7th Cir. July 1, 2009). The Seventh Circuit affirmed Petitioner's conviction, finding all of Petitioner's arguments meritless.

Petitioner then filed for a Writ of Certiorari. On November 2, 2009, the United States Supreme Court denied Petitioner's writ.

On November 9, 2010, Petitioner filed the instant *habeas* Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Petitioner presents four claims to the Court which he alleges support his petition. First, Petitioner argues he is innocent of the money-laundering count based on the Supreme Court's holding in *United States v. Santos*, 553 U.S. 507 (2008), that 18 U.S.C. § 1956 covers only the profits, not mere proceeds, of illegal activity. Second, Petitioner argues that an offer to pay a narcotic debt with property does not amount to a violation under 18 U.S.C. § 1956(a). Third, Petitioner argues that the jury's guilty verdict on the money laundering count was contrary to the weight of the evidence presented at trial. Finally, Petitioner argues that in light of the recent amendment to U.S.S.G. § 4A1.1, the Court should reduce his sentence. The Court will address each argument in turn.

## II.  **LEGAL STANDARD**

Under Section 2255 a prisoner may petition the court which imposed the sentence to vacate, set aside, or correct the sentence

on the basis that the sentence imposed is in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. *See Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). To receive relief under Section 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio,* 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

Section 2255 motions are subject to various bars, including that of a procedural default. A Section 2255 proceeding is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, there are three claims that a Section 2255 motion *cannot* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992) (emphasis in original) *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

## III. <u>DISCUSSION</u>

### A. **United States v. Santos and "Proceeds" vs. "Profits"**

Petitioner begins by arguing that he is "actually" and "factually innocent" of Count 21, the money laundering count, because of the United States Supreme Court case *United States v. Santos*. Petitioner alleges that in *Santos*, the Supreme Court held that the term "proceeds" in 18 U.S.C. § 1956 (the money laundering statute) meant actual profits as opposed to mere proceeds or receipts. Petitioner further claims that *Santos* changed the factual proof required for a valid conviction of money laundering in violation of 18 U.S.C. § 1956. Specifically, Petitioner alleges that after *Santos*, in order to be convicted of money laundering under 18 U.S.C. § 1956, the prosecution must show that the charged defendant laundered profits from a specified unlawful activity. Petitioner argues that in his case the prosecution did not and could not do this and instead only alleged that Petitioner gained generic proceeds as a result of his unlawful activity.

The Government responds by arguing that Petitioner's claim is meritless because Petitioner procedurally defaulted the claim by failing to raise it at trial or on direct appeal. The Court agrees.

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Under the cause and prejudice standard, in order for a defendant to obtain collateral relief based on errors to which no objection was timely made, "a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors in which he complains." *United States v. Frady*, 456 U.S. 152, 167 (1982). In order to show cause, a prisoner must show that he was impeded by "some objective factor external to the defense" such as governmental interference or the reasonable unavailability of the factual basis for the claim. *Cawley v. Detella*, 71 F.3d 691, 696 (7th Cir. 1995). "Prejudice sufficient to overcome a procedural default exists where the violation of the petitioner's federal rights worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States ex rel Hernandez v. Pierce*, 429 F.Supp.2d 918, 926 (N.D. Ill. 2006) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

The Court finds that Petitioner fails to show this requisite cause in order to save his *Santos* argument from procedural default. The United States Supreme Court issued the *Santos* decision on June 2, 2008. *See Santos*, 553 U.S. 507. Petitioner appealed to the Seventh Circuit on February 23, 2009. Thus, the *Santos* decision was released and available to Petitioner at the time of his appeal. *See Vasquez v. United States*, 335 Fed.Appx 644 (7th Cir. 2009). Despite this fact, Petitioner fails to provide the

Court any explanation as to why he neglected to raise this argument on appeal. As such, the Court finds Petitioner cannot establish the requisite cause to avoid a finding of procedural default. *See Salberg v. United States*, 969 F.2d 379, 381 (7th Cir. 1992) (denying a defendant's claim for habeas corpus because the defendant argued that his conviction and sentence were illegal pursuant to a recent Supreme Court opinion, but failed to establish "cause" for his failure to object at trial or on appeal.) Accordingly, the Court denies *habeas* relief with regard to Petitioner's first claim.

### B. Offer to Pay Narcotic Debts with Property and 18 U.S.C. § 1956

In his second claim, Petitioner alleges that his sentence should be vacated with regards to his money laundering conviction because the Government did not produce sufficient evidence to sustain the conviction. Petitioner argues that the Government's evidence presented at trial, namely that Petitioner offered a piece of property in exchange to pay off a narcotics debt, was insufficient to sustain a money laundering charge due to the Supreme Court's decision in *Santos*. The Government responds by repeating its prior argument that Petitioner's claim is procedurally defaulted because Petitioner failed to raise this argument at trial or on appeal.

Here again, the Court finds that Petitioner fails to establish cause for his procedural default. For the reasons previously

stated, the Court denies Petitioner's *habeas* relief with regards to his second claim.

## C. Jury Verdict on Count 21

Petitioner next argues that his sentence should be vacated with regards to his money laundering conviction because the jury's verdict was contrary to the manifest weight of the evidence. Specifically, Petitioner asserts that the testimony of Jimenez, one of the Government's witnesses, failed to establish that Petitioner's offer to satisfy a narcotics debt with an offer of property ever materialized and therefore, failed to establish that Petitioner laundered any proceeds from any narcotics transactions. Petitioner argues that because of this, a reasonable jury could not fairly conclude guilt beyond a reasonable doubt with regards to the money laundering conviction. The Government responds again stating that because Petitioner failed to present such an argument on appeal he cannot now raise this argument on collateral review. The Court agrees.

"A federal habeas petitioner is permitted proceed on a claim in the face of a procedural default where he can demonstrate both cause for and prejudice stemming from that default . . . or he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019 (7th Cir. 2004). Here, while Petitioner recognizes the heavy burden a defendant typically faces in order to succeed on a claim challenging a verdict on the

sufficiency of the evidence, he fails to provide the Court any explanation for his failure to raise this claim on appeal. Thus, the Court finds Petitioner's third claim procedurally defaulted and denies habeas relief with regards to the claim.

### D.  U.S.S.G. § 4A1.1(e)

Petitioner argues, without support, that the Court should reduce Petitioner's sentence pursuant to the November 1, 2010 amendment of United States Sentencing Guidelines regarding U.S.S.G. § 4A1.1. ("Amendment 742") *See* U.S. Sentencing Guidelines Manual Supp. to App. C, 354-356 (Amendment 742) (2011). Amendment 742 modified Section 4A1.1 of the United States Sentencing Guidelines by striking certain subsections of a defendant's criminal history category. *Id.* For example, in Petitioner's case, if Amendment 742 had been in effect at the time of his sentencing, the Court would not have considered whether Petitioner committed his convicted offenses less than two years after release from imprisonment, which in turn could have reduced the number of points the Court imputed on Petitioner's criminal history.

This Court sentenced Petitioner on March 26, 2006. Amendment 742 took effect on November 1, 2010. Petitioner argues that despite this significant lapse in time, the Court should retroactively apply Amendment 742 to his criminal history category to reduce his sentence. The Government responds alleging that

because Amendment 742 is not retroactive it does not provide Petitioner a basis to challenge his sentence.

The Sentencing Guidelines do not support Petitioner's argument. United States Sentencing Guidelines Section 1B1.10(a)(2)(A) expressly states "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if: (A) none of the amendments listed in Subsection (c) is applicable to defendant . . . " U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(A). Subsection (c) provides a list of amendments covered by the policy, but clearly does not list Amendment 742. *See* U.S. Sentencing Guidelines Manual § 1B1.10(c). Thus, the Court is not authorized to reduce Petitioner's sentence pursuant to Amendment 742 and as such, denies Petitioner's final habeas claim.

## IV. CONCLUSION

Therefore, for the reasons stated herein, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied without a hearing.

**IT IS SO ORDERED.**

                                      Harry D. Leinenweber, Judge
                                      United States District Court

**DATE:** 9/27/2012